APR 29 2022 AM 11:02
FILED-USDC-CT-New Haven

Miguel Giacaman, Pro Se
322 Karen Ave. Unit 3608
Las Vegas, NV 89109
415-225-2617
*Plaintiff Pro Se*

22cv611 (SRU)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIGUEL S. GIACAMAN, an Individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FLIGHTSTAR, INC. d/b/a FLIGHT DESIGN USA; a Connecticut Corporation; FLIGHT DESIGN GENERAL AVIATION GMBH f/k/a FLIGHT DESIGN GMBH, a German Limited Liability Company; | **Arbitration Exemption Requested: Damages Exceed $50,000.00** |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MIGUEL S. GIACAMAN, *Pro Se,* hereby demands a trial by jury and complains and alleges against Defendants as follows:

**I.**

**INTRODUCTION**

This negligence and product liability action arises out of personal injuries Plaintiff sustained when the ROTAX 912iS Sport engine control unit and/or NEUFORM propeller on Plaintiff's aircraft, a 2013 FLIGHT DESIGN CTLS, failed, causing the aircraft's engine to stop, resulting in an off-field crash landing on May 7, 2019 at 15:58:29. Defendants maintained, repaired, modified, inspected, designed, manufactured, installed, marketed, fabricated, imported, distributed, assembled and/or sold the engine, engine control unit, propeller, emergency locator transmitter, and/or aircraft that Plaintiff was operating at the time of the crash.

**II.**

**PARTIES AND JURISDICTION**

1. That all incidents described herein occurred in the County of Clark, State of Nevada.

2. That Plaintiff MIGUEL S. GIACAMAN, is and at all times pertinent hereto was, a resident of County of Clark, State of Nevada, presently resides at 322 Karen Ave. Unit 3608, Las Vegas, NV 89109

3. That upon information and belief, Defendant FLIGHTSTAR, INC. d/b/a FLIGHT DESIGN USA ("FLIGHTSTAR, INC."), whose address 91 RT-169, WOODSTOCK, CT, 06281 is, is, and at all times pertinent hereto was, a Connecticut corporation authorized to do, and doing business in the State of Connecticut, and through its employees and/or agents and/or representatives and/or servants, designed and/or manufactured and/or installed and/or marketed and/or fabricated and/or distributed and/or imported and/or assembled and/or sold a variety of 2013 FLIGHT DESIGN CTLS aircrafts to the general public..

4. FLIGHT DESIGN GENERAL AVIATION GMBH f/k/a FLIGHT DESIGN GMBH ("FLIGHT DESIGN GA") whose address is Am Flugplatz 3, 99820 Hoerselberg-Hainich, Germany is, and at all times pertinent hereto was, a foreign company authorized to do, and doing business in the State of Connecticut, and through its employees and/or agents and/or representatives and/or servants, designed and/or manufactured and/or installed and/or marketed and/or fabricated and/or distributed and/or imported and/or assembled and/or sold a variety of 2013 FLIGHT DESIGN CTLS aircrafts to the general public.

5. That at all times relevant herein, it was reasonably foreseeable to Defendants and each of them, that when their products entered the State of Connecticut, that Defendants could be expected to be sued in the state. Upon information and belief, Defendants, and each of them, were aware of the national distribution system of their products, and because of that awareness, Defendants indirectly and/or directly served the national market and derived economic benefit therefrom.

6. That Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants and each of them, were agents, servants, employees, partners, or joint venturers of their co-defendants and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture. Each and every Defendant aforesaid was acting as a principal and was negligent or grossly negligent in the

selection, retention, hiring, and training of each and every other Defendant or ratified the conduct of every other Defendant as an agent, servant, employee, or joint venturer.

### III.
### FACTUAL ALLEGATIONS

7. Plaintiff repeats and realleges each and every allegation set forth in this Complaint, as though the same were fully set forth herein.

8. That on or about August 29, 2016, Plaintiff MIGUEL S. GIACAMAN purchased a 2013 FLIGHT DESIGN CTLS, Registration No. N423EB. The 2013 FLIGHT DESIGN CTLS is a two-seated, fixed wing, single-engine light sport aircraft with a ROTAX 912iS Sport engine, NEUFORM propeller, and an OROLIA emergency locator transmitter.

9. That on or about May 7, 2019, Plaintiff was flying the 2013 FLIGHT DESIGN CTLS towards the Grand Canyon when the ROTAX 912iS Sport engine experienced a temporary and uncontrollable increase of RPM. Plaintiff subsequently regained control of the RPM and the indication of ECU Line B in the subject 2013 FLIGHT DESIGN CTLS was inoperative.

10. That Plaintiff immediately turned the aircraft around and attempted to land the aircraft at the Boulder City Municipal Airport.

11. That because of the failure of the ROTAX 912iS Sport engine and/or engine control unit and/or NEUFORM propeller and/or the subject 2013 FLIGHT DESIGN CTLS, Plaintiff was prevented from landing the aircraft at a safe speed. While over the end portion of the runway, an engine loss of power resulted in an off-field crash landing (the "Crash").

12. That the Crash should have automatically triggered the OROLIA emergency locator transmitter to send an emergency satellite signal notifying search and rescue operations where to locate the Crash, however, the OROLIA locator failed to operate.

13. That because of the Crash, and the significant structural damage to the area of the aircraft where Plaintiff was seated, Plaintiff suffered a severed left foot, bilateral distal tibia fractures, left 4th through 8th rib fractures, L2 vertebral fractures, a tibia fracture of his right leg and a severed left foot, which resulted in a left below-the-knee amputation.

14. That as a direct and proximate result of the negligence of Defendants

3

FLIGHTSTAR, INC. and FLIGHT DESIGN GA, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

15. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

16. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

17. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

18. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

19. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

20. That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

21. That as a direct and proximate result of the aforementioned negligence of

4

Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## IV.

## FIRST CAUSE OF ACTION

### (Negligence Against Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA)

22. Plaintiff repeats and realleges each and every allegation set forth in this Complaint, as though the same were fully set forth herein.

23. That as a result of the failure of the 2013 FLIGHT DESIGN CTLS, including but not limited to the failure of the ROTAX 912iS Sport engine and/or engine control unit and/or NEUFORM propeller, Plaintiff MIGUEL S. GIACAMAN suffered personal injuries.

24. Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA designed, tested, manufactured, developed warnings for use, assembled, marketed, distributed, imported, and placed in the stream of commerce, the subject 2013 FLIGHT DESIGN CTLS.

25. Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA owed a duty of due care to Plaintiff MIGUEL S. GIACAMAN, and others similarly situated, in the marketing and sale of the aircraft.

26. Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

    a. The negligent and improper design, testing, manufacture, assembly and inspection of the subject 2013 FLIGHT DESIGN CTLS, including but not limited to the ROTAX 912iS Sport engine, engine control unit and/or the aircraft itself;

    b. The negligent and improper design, testing, manufacture, assembly and inspection of 2013 FLIGHT DESIGN CTLS, including but not limited to the ROTAX 912iS Sport engine and/or engine control unit and/or NEUFORM propeller and/or the aircraft itself in the event of an engine control failure; and

      c.    The failure to provide adequate, accurate, and effective warnings and/or instructions to owners, operators, and users of the 2013 FLIGHT DESIGN CTLS line and other similar aircrafts.

27. That as a direct and proximate result of the negligent and improper sale of the aircraft, including but not limited to, the condition of the 2013 FLIGHT DESIGN CTLS, and the negligent inspection and undertaking, improper repair and replacement of the aircraft, by Defendants, Plaintiff MIGUEL S. GIACAMAN suffered personal injuries.

28. That Defendants' conduct demonstrated a conscious disregard of known accepted procedures, standards and/or protocols, all with the knowledge or utter disregard that such conduct could or would cause serious injury or death to consumers, and users of the 2013 FLIGHT DESIGN CTLS.

29. That as a direct and proximate result of the negligence of Defendants, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

30. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

31. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

33. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

34. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

35. That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

36. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

V.

### SECOND CAUSE OF ACTION

**(Strict Product Liability –Design Defect, Manufacturing Defect, and Failure to Warn Against Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA)**

37. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

38. At all relevant times herein, Defendants, and each of them, including but not limited to all DOE and ROE Defendants, were the manufacturers, designers, distributors, importers, retailers, marketers, sellers, repairers, and/or maintainers of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS at issue, which was manufactured for, designed for, distributed to, marketed to, imported for, sold to, and/or maintained for use by the general public, including Plaintiff MIGUEL S. GIACAMAN, all with knowledge that the defective condition could not be ascertained by inspection of the purchaser and/or the product and would not be inspected or tested by the purchaser or user for defects.

39. At the time of the May 7, 2019 incident, the ROTAX 912iS Sport engine in the

subject 2013 FLIGHT DESIGN CTLS and/or the NEUFORM propeller and/or the OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS operated by Plaintiff MIGUEL S. GIACAMAN, failed, causing Plaintiff MIGUEL S. GIACAMAN serious personal injuries.

40. Upon information and belief, at the time of the aforesaid incident, the 2013 FLIGHT DESIGN CTLS, and more particularly the ROTAX 912iS Sport engine, the NEUFORM propeller, and/or the OROLIA locator located within the 2013 FLIGHT DESIGN CTLS, were in the same condition as it they were when the left the control of Defendants, and each of them, was being operated without any substantial change or alteration in their condition.

41. That the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS were defective in their design and/or manufacture and/or lack of warnings and were in and of themselves unreasonably dangerous.

42. That due to the fact that Defendants did not warn persons of the hazards associated with the use of the subject ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS, they were rendered unreasonably dangerous and a potentially deadly engine and/or engine control unit and/or defective propeller and/or defective emergency locator transmitter and/or defective aircraft.

43. That the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS were unreasonably dangerous in that they were not accompanied with suitable and adequate warnings concerning their safe handling, proper use, and/or maintenance, and therefore, are alleged to be defective.

44. That the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS were unreasonably dangerous in that the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS were defective in their design and/or manufacture.

45. That the failure of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS to be equipped with a safety mechanism for use by the operator of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS, causes the operator to be at the

mercy of, and under the control of, the equipment and component parts of the aircraft.

46. That such defects existed when the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS left the hands of Defendants.

47. The Defendants knew or should have known of the subject engine and/or aircraft's defects which rendered them unreasonably dangerous at the time of placing the subject engine and/or aircraft into the stream of commerce and failed to undertake measures to prohibit them from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for the product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

48. Defendants, and each of them, knew or should have known of the defective nature, design and/or manufacture of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS.

49. That as a direct and proximate result of the defects, Plaintiff MIGUEL S. GIACAMAN suffered personal injuries.

50. That Defendants' conduct demonstrated a conscious disregard of known accepted procedures, standards and/or protocols, all with the knowledge or utter disregard that such conduct could or would cause serious injury or death to consumers, and users of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS.

51. That as a direct and proximate result of the negligence of Defendants, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

52. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

53.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

54.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

55.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

56.     That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

57.     That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

58.     That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## VI.

### THIRD CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for Particular Purpose and Warranty of Merchantability Against Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA)**

59.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint, as though the same were fully set forth herein.

60. Through the design, testing, manufacture, assembly, marketing, distribution and sale of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS, implied warranties of merchantability and fitness for use arose by operation of Nevada law.

61. The aforesaid ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS, and their components and subassemblies, were neither merchantable nor fit for their intended use; and, on the contrary, were defective and unreasonably dangerous due to the breach by Defendants of the implied warranties of merchantability and fitness for use for the reasons described above.

62. That as a direct and proximate result of the aforesaid breaches of implied warranty and breach of due care by Defendants, including but not limited to, the failure of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS, Plaintiff MIGUEL S. GIACAMAN suffered personal injuries.

63. That Defendants' conduct demonstrated a conscious disregard of known accepted procedures, standards and/or protocols, all with the knowledge or utter disregard that such conduct could or would cause serious injury or death to consumers, and users of the ROTAX 912iS Sport engine and/or NEUFORM propeller and/or OROLIA locator and/or the 2013 FLIGHT DESIGN CTLS.

64. That as a direct and proximate result of the negligence of Defendants, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

65. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

66. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering,

anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

67. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

68. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

69. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

70. That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

71. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

VII.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision Against Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA)**

72. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

73. That Defendants had a duty to properly and adequately hire, train, retain, and supervise personnel under its control so as to avoid unreasonable risk of harm to the general public.

74. That Defendants were responsible for the hiring, training, retaining, supervision, and control of its employees and/or agents, and as a direct and proximate result of Defendants' negligence in hiring, training, supervising, and controlling its employees and/or agents, Plaintiff suffered injuries and damages as herein alleged.

75. That as a direct and proximate result of the negligence of Defendants, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

76. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

77. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

78. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

79. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

80. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

81. That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

82. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## VIII.

## FIFTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress Against Defendants FLIGHTSTAR, INC. and FLIGHT DESIGN GA)**

83. That Plaintiff repeats and realleges each and every allegation set forth in this Complaint, as though the same were fully set forth herein.

84. That Defendants negligently caused the incident and subsequent injuries to Plaintiff.

85. That as a direct and proximate result of the acts, omissions, and conduct of Defendants, Plaintiff has suffered severe emotional distress.

86. That Plaintiff suffered serious emotional distress due to the negligent conduct of Defendants, and each of them, and that the injuries sustained by Plaintiff were caused solely and proximately by Defendants and without any negligence of Plaintiff contributing thereto.

87. That as a direct and proximate result of the negligence of Defendants, and each of them, the Crash occurred and Plaintiff MIGUEL S. GIACAMAN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

88. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, and all to his damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

89. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by him, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

90. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

91. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has limited recreational activities, which have caused and shall continue to cause him physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

92. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has sustained a loss of earning capacity, past and future, as well as lost wages.

93. That as a further direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff MIGUEL S. GIACAMAN, has suffered a loss of past and future household services in an amount to be proven at trial.

94. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Compensatory damages in an amount in excess of $15,000.00;

3. Special damages in an amount in excess of $15,000.00;

4. Medical and incidental expenses incurred and to be incurred;

5. Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life;

6. Damages for a loss of past and future household services;

7. Loss of past and future earning capacity and lost wages;

8. Costs of suit, reasonable attorney fees, interest incurred herein; and

9. For such other and further relief as is just and proper.

Dated this 27 day of April, 2022.

*Plaintiff in Proper Person*

_____
Miguel Giacaman, Pro Se
322 Karen Ave. Unit 3608
Las Vegas, NV 89109
415-225-2617

## DEMAND FOR JURY TRIAL

Plaintiff, In Proper Person, hereby demands a jury trial of all of the issues in the above matter.

Dated this 27 day of April, 2022.

*Plaintiff in Proper Person*

_____
Miguel Giacaman, Pro Se
322 Karen Ave. Unit 3608
Las Vegas, NV 89109
415-225-2617

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621. Executed at 5:50 PM on CLARK COUNTY . (location) (date) 04/27/2022

_____
Miguel Giacaman, Pro Se
322 Karen Ave. Unit 3608
Las Vegas, NV 89109
415-225-2617